**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x

In re:                                                                                    **NOT FOR PUBLICATION**

                                                                                          Chapter 11

          26 BOWERY LLC and
          2 BOWERY HOLDING LLC,                          Case No. 22-10412 (MG) and
                                                                                                         22-10413 (MG)

                                        Debtors.                    (Jointly Administered)
-----------------------------------------------------------------------x

26 BOWERY LLC and
2 BOWERY HOLDING LLC,

                                        Plaintiffs,              Adv. Pro. No. 23-01150 (MG)

v.

BARBARA MAK a/k/a WAI YUK BARBARA MAK

                                        Defendant.
-----------------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER GRANTING JUDGMENT**
**OF POSSESSION AND PAYMENT OF UNJUST ENRICHMENT IN FAVOR OF PLAINTIFFS**

*A P P E A R A N C E S :*

RAVERT PLLC
*Special Litigation Counsel for Plaintiffs*
16 Madison Square West, Floor 12, #269
New York, New York 10010
By:     Gary O. Ravert, Esq.

LAW OFFICES OF ROBERT S. LEWIS, P.C.
*Attorney for Defendant Barbara Mak a/k/a Wai Yuk Barbara Mak*
53 Burn Street
Nyack, New York 10960
By:     Robert S. Lewis, Esq.

**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

This opinion is entered following the trial of the adversary proceeding commenced by the filing of the adversary complaint (the "Complaint," ECF Doc. #1) of 26 Bowery LLC and 2 Bowery Holding LLC (collectively, the "Debtors" or "Plaintiffs"), asserting 11 causes of action against defendant Barbara Mak a/k/a Wai Yuk Barbara Mak (the "Defendant"). The Defendant is a party to a three-year lease (the "Lease," PX1-24) for the entire third floor at 26 Bowery, New York, NY 10013 (the "Property" and the entire third floor, the "Apartment"). The opinion contains the Court's findings of fact and conclusions of law following a trial on February 5, 2024.

Since the initial filing of the Complaint, the Debtors have narrowed the relief sought to the following: (i) a declaratory judgment that the Lease was void *ab initio* (Count I); (ii) a declaratory judgment that the Lease, to the extent it exists and is valid, is rescinded (Count II); (iii) an order and judgment avoiding the Lease, to the extent it exists and is valid, as an actual or constructive fraudulent conveyance (Count III); and (iv) an order and judgment that the Defendant was unjustly enriched for her use of the Apartment in the amount of $203,400 (Count VIII).[1] (*Amended Plaintiffs' Memorandum of Law in Support of Complaint* ("Supporting Memo"), ECF Doc. # 21 ¶¶ 5, 22, 31); *see Plaintiffs' Statement of Withdrawal of Counts VI, VII, IX, and XI of Complaint* ("Statement of Withdrawal"), ECF Doc. # 22; *Plaintiffs' Statement of Calculations of Amount of Converted Funds (Count VII – Steven Ng Only), Unjust Enrichment*

---

[1]    The Debtors indicated at the trial that they are only seeking relief with respect to Counts I, II, III, and VIII in the Complaint at this time. However, in the event the Court does not grant the Debtors a judgment of possession, the Plaintiffs requested that Count IV (Recovery of Value of Use and Occupancy) and Count V (Turnover) would "come into play." As the Court is granting a judgment of possession, Counts IV and V need not be reached.

2

*Amount (Count VIII – Steven Ng and Barbara Mak), and Damages for Civil Conspiracy (Count*

*IX – Steven Ng Only)* ("Statement of Calculations"), ECF Doc. # 23.)

With respect to Counts I, II, and III, the Debtors seek an immediate judgment of possession of the Apartment with a warrant of eviction or writ of assistance and immediate execution of the same. (Supporting Memo ¶ 5.) The Debtors also seek a "determination of liability for damages in an amount to be determined at a separate inquest" with respect to Count III. (*Id.*)

In support of the Complaint and the relief sought, the Debtors filed (i) the Supporting Memo and (ii) the amended declaration of Brian Ryniker, member of financial advisory firm RK Consultants LLC and independent manager (the "Independent Manager") to the Debtors (the "Ryniker Decl.," ECF Doc. # 21-1). The Ryniker Decl. and numerous exhibits were offered in evidence by Plaintiffs' counsel and admitted in evidence at the trial. Defendant's counsel cross-examined Mr. Ryniker. Other than the cross-examination of Mr. Ryniker, Defendant's counsel did not offer any other evidence at trial.

For the reasons stated below, the Court **GRANTS** a judgment of possession to the Debtors to take immediate possession of the Apartment and the Defendant's payment of $126,000 in damages for unjust enrichment. The Court also **DISMISSES** Defendant's affirmative defenses. All occupants at the Apartment must immediately vacate.

## I.    BACKGROUND

### A.  The Debtors and the Commencement of the Chapter 11 Case

The Debtors are fee owners of the Property. (Ryniker Decl. ¶ 4.) The Property is a multi-family, mixed-use residential and commercial, 5-story building in Chinatown, Manhattan. (*Id*. ¶ 12.) The Debtors entered into two loan agreements, dated April 26, 2019, borrowing a

total of $8.6 million from two lenders, which were secured and cross-collateralized by certain notes, mortgages, security agreements, membership pledge agreements, and guaranties. (*Id.* ¶ 4.)

On March 31, 2023, the Debtors executed amended and restated operating agreements and appointed RK Consultants LLC, by its member Brian Ryniker, as Independent Manager. (*Id.* ¶ 5.) The Independent Manager commenced the Debtors' voluntary Chapter 11 cases, which are being jointly administered. (*Id.* ¶ 6.)

### B. The Lease Agreement

The Defendant is the wife of Steven Ng and sister-in-law of Wilson Ng, both of whom serve as the co-members and managers of the Debtors. (*See* Ryniker Decl. ¶ 207; Supporting Memo at 1; PX1B ¶ 94 (admitting that Steven and Wilson Ng are brothers).) The Defendant concedes that the Lease provided for a rent of $3,500 per month, which was substantially less than the $5,650 per month included on the certified rent roll for the Property (the "26 Bowery Certified Rent Roll"). (PX1B ¶¶ 215, 217.)

The Defendant indicates that she and Wilson Ng signed the Lease, but the terms of the Lease were never enforced. (PX1B ¶¶ 219, 224). The Defendant admitted that she did not pay rent, the security deposit, or register utilities in her name as required under the Lease. (*Id.* ¶¶ 226–28, 335.) In fact, she conceded that "there is no documentary evidence that [she] ever paid rent under the [Lease]" or the security deposit. (*Id.* ¶¶ 229, 230.) Notwithstanding the foregoing, neither Wilson Ng nor Steven Ng commenced nonpayment or eviction proceedings on behalf of the Debtors against the Defendant. (Ryniker Decl. ¶ 28; PX1B ¶ 21 (admitting the same).)

## C. The Adversary Proceeding

On July 21, 2023, the Debtors filed the Complaint.  (*Id.* ¶ 30.)  As discussed, the

Plaintiffs are seeking (i) a granting of an immediate judgment possession of the Apartment with

a warrant of eviction or writ of assistance and immediate execution of the same with respect to

Counts I, II, and III and (ii) an order and judgment that the Defendant was unjustly enriched for

her use of the Apartment in the amount of $203,400 with respect to Count VIII.

On October 13, 2023, the Defendant filed the Answer, opposing the relief sought and

asserting 11 affirmative defenses in response to all claims asserted.  The relevant affirmative

defenses are as follows: (i) failure to state a cause of action as to all counts; (ii) barred by

doctrine of laches as to all counts; (iii) to the extent the Lease was previously terminated through

an action for eviction or ejectment, dismissal for lack of any justiciable controversy as to Counts

I and II; (iv) to the extent any recovery for any voided transfer was previously made pursuant to

11 U.S.C. § 544, the Debtors are entitled only to a single satisfaction of debt as to Count III; (v)

time-barred by the applicable statute of limitations as to Count III; and (vi) inapplicability of the

alleged governing statutes since the Defendant is "not a debtor of the Plaintiff[s]" as to Count III.

(Answer ¶¶ 4–17.)  No affirmative defenses were raised as to Count VIII.

On January 31, 2024, the Court entered a joint pretrial order (the "Pretrial Order," ECF

Doc. # 20), which, among other things, amended the pleadings to "embrace" only the contentions

of the parties set forth therein.  (Pretrial Order at 3.)  As reflected in the Pretrial Order, the

Defendant did not submit any contentions, issues to be tried, or evidentiary support in opposition

to the relief sought.  (*See id.* §§ IV(B), V(2), VII, X.)

On February 5, 2024, the Court held an in-courtroom trial.  Plaintiffs stated that they are

seeking relief with respect to Counts I, II, III, and VIII.  At trial, Plaintiffs offered exhibits PX1

through PX17, PX1-1 through PX1-39, and PX6B into evidence.  The Defendants did not object

and all exhibits were admitted into evidence.

## II.    LEGAL STANDARD

### A.  Requirements for an Enforceable Valid Contract

Generally, the interpretation of leases is subject to the "same rules of construction [that] .

. . are applicable to contracts generally." *Himmelberger v. 40-50 Brighton First Road*

*Apartments Corp.*, 943 N.Y.S.2d 118, 120 (N.Y. App. Div. 2012).  For a contract to be valid,

there must be an offer, acceptance, consideration, mutual assent, and an intent to be bound.

*Kolchins v. Evolution Markets, Inc.*, 128 A.D.3d 47, 59, 8 N.Y.S.3d 1 (N.Y. App. Div. 2015).

Where objective evidence demonstrates that the parties intended to be bound by an agreement,

that agreement may be enforced—even if it is unsigned.  *See Flores v. Lower East Side Serv.*

*Ctr., Inc.*, 4 N.Y.3d 363, 369 (N.Y. 2005).  It is the "party seeking to enforce the contract [that]

bears the burden at trial to establish that a binding agreement was made and to prove its terms."

*Kramer v. Greene*, 36 N.Y.S.3d 448, 450 (N.Y. App. Div. 2016).  The absence of any of these

essential elements of a contract is a bar to its enforceability.  22 N.Y. Jur. 2d, Contracts § 9; *see*

*Kensington Court Assocs. v. Gullo*, 579 N.Y.S.2d 485 (N.Y. App. Div. 1992) ("If an agreement

is not reasonable certain in its material terms, there can be no legally enforceable contract.")

(citation omitted).)

As a threshold matter, for a contract to be binding, "there must be a manifestation of

mutual asset sufficient definite to assure that the parties are truly in agreement with respect to all

material terms." *Matter of Express Indus. & Term. Corp. v. New York State Dept. of Transp.*, 93

N.Y.2d 584, 589 (N.Y. 1999).  "Such manifestations may be expressed through a party's written

or spoken words, silence, or conduct, so long as the party 'intends to engage in the conduct and

knows or has reason to know that the other party may infer from his conduct that he assents.'" *Wu v. Uber Tech., Inc.*, 186 N.Y.S.3d 500, 586 (N.Y. App. Div. 2022) (quoting the Restatement (Second) of Contracts § 19 [1]-[2]).

A contract must also be supported by consideration—each party must receive "something of value." *Apfel v. Prudential-Bache Secs. Inc.,* 616 N.E.2d 1095, 1097 (N.Y. 1993). To satisfy this requirement, it is sufficient that if something of "real value in the eye of the law was exchanged." *Id.* (internal quotations and citations omitted). Generally, "[m]utual promises or obligations of parties to a contract, either express or necessarily implied, may furnish the requisite consideration." *Oscar Schlegel Mfg. Co. v. Peter Cooper's Glue Factory*, 231 N.Y. 459, 461 (N.Y. 1921); *see also NCSPlus Inc. v. WBR Mgmt. Corp.*, 949 N.Y.S.2d 317, 325 (N.Y. App. Div. 2012).

Lastly, the parties must intend to be bound. *See Four Seasons Hotels Ltd. v. Vinnik*, 515 N.Y.S.2d 1, 5 (N.Y. App. Div. 1987) ("There can be no contract absent a mutual intent to be bound."). In determining whether such intent exists is a "mixed question of law and fact." *Id.* This means that "the question is to be decided by the court if determinable from the language employed in the written instrument, and if not so determinable—if resort must be had to disputed evidence or inferences outside the written words of the instrument—then by the finder of the facts." *Id.* (citation omitted). Generally, an "objective test is . . . to be applied." *Id.* at 6. "This means the manifestation of a party's intention rather than the actual or real intention is ordinarily controlling, for a contract is an obligation attached, by the mere force of law, to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent." *Id.* (quoting 21 N.Y. Jur. 2d Contracts § 29). Accordingly, a court should "not put disproportionate emphasis on any single act, phrase or other expression but, instead, on the totality of these, given

the attendant circumstances, the situation of the parties, and the objectives they were striving to attain." *Id.* (citing *Brown Bros. Elec. Contractors, Inc. v. Beam Constr. Corp.*, 41 N.Y.2d 397, 399–400 (N.Y. 1977)).

### B.  Unjust Enrichment

To prevail on a claim of unjust enrichment under New York law, "a plaintiff must establish that the defendant benefitted at the plaintiff's expense and that equity and good conscience require restitution." *Whitman Realty Group, Inc. v. Galano*, 838 N.Y.S.2d 585, 587 (N.Y. App. Div. 2007) (citation omitted).  In other words, "[t]o state a cause of action for unjust enrichment, a plaintiff must allege that it conferred a benefit upon the defendant, and that the defendant will obtain such benefit without adequately compensating plaintiff therefor." *Smith v. Chase Manhattan Bank, USA, N.A.*, 741 N.Y.S.2d 100, 102 (N.Y. App. Div. 2002) (quoting *Nakamura v. Fujii*, 253 A.D.2d 387, 390 (N.Y. App. Div. 1998).  Generally, recovery for unjust enrichment is "barred by a valid and enforceable contract." *Whitman*, 838 N.Y.S.2d at 588.

### III.    DISCUSSION

### A.  The Lease is Void

A consideration of the totality of the evidence supports the conclusion that the Lease is unenforceable given the parties' lack of intent to be bound. *See Brown Bros.*, 41 N.Y.2d at 399–400 (stating that the existence of a binding contract is "not dependent on . . . subjective intent" but rather "totality" of the parties' "objective manifestations . . . as gathered by their expressed words and deeds"); *Flores*, 4 N.Y.3d at 495–96 (considering whether it is "evident from the totality of circumstances that the parties intended to be bound").  Here, there is no dispute that the Defendant and Wilson Ng "mutually assented to the Lease."  (*See* Supporting Memo ¶ 13 ("The Debtors do not dispute that signatories Barbara Mak and Wilson Ng mutually assented to the purported Lease.").)  However, the evidence overwhelmingly supports that, notwithstanding

8

their entry into the Lease, the parties lacked any intent to be bound. The Defendant admitted that she did not pay rent or the security deposit and did not register utilities under her name as otherwise required under the Lease. (PX1B ¶¶ 226–28; *see also id.* ¶¶ 229–30 (admitting also that there is no documentary evidence that the Defendant ever paid rent or the security deposit).) Despite the Defendant's nonpayment and otherwise compliance with the terms of the Lease, neither Wilson Ng nor Steven Ng ever enforced the terms of the Lease. (*Id.* ¶ 224 (admitting that the Lease was never enforced).) Therefore, the totality of the evidence reflects that the parties lacked intent to be bound.

Even if the parties did intend to be bound by the terms of the Lease, their conduct suggests that the Lease was abandoned. "To establish abandonment of a contract by conduct, it must be shown that the conduct is mutual, positive, unequivocal, and inconsistent with the intent to be bound." *Rosiny v. Schmidt*, 185 A.D.2d 727, 732, 587 N.Y.S.2d 929 (N.Y. App. Div. 1992). None of the parties to the Lease admittedly complied with or sought to enforce the terms of the Lease, indicating both mutuality and conduct that were inconsistent with an intent to be bound.

While the Defendant denies that the parties did not intend the Lease to be binding on its terms, the Defendant has offered no contentions, issues to be tried, witnesses, or exhibits in support of its denial or its opposition generally. (*See* PX1B ¶ 231 (denying as to the Defendant that "[n]either Wilson Ng, Steven Ng, nor [the Defendant] intended for the . . . Lease to be binding according to its terms"); Pretrial Order IV(B), V(2), VII, X (reflecting that the Defendant did not offer anything in support of its opposition).)

Given that the Lease is unenforceable, the Court **GRANTS** Count I, which seeks declaratory judgment that the Lease is void *ab initio*, and the Court need not reach Counts II and

III as they are predicated on the existence of a valid and enforceable lease. (*See* Supporting Memo ¶ 22 (indicating that Count II seeks recission of the Lease to the extent it exists and is valid); *id.* ¶ 31 (stating that Count III seeks avoidance of the Lease as an actual or fraudulent conveyance to the extent it exists and is valid).) Accordingly, the Court **GRANTS** an immediate judgment of possession of the Property with a warrant of eviction or writ of assistance granting immediate possession and execution of the same.

### B. Defendants were Unjustly Enriched

As the Lease is deemed void and the Defendant has otherwise enjoyed the benefits of the Property without admittedly paying any rent, the Plaintiffs are entitled to unjust enrichment in the amount of $126,000. This figure represents the total amount of unpaid rent over the three-year period of the Lease from January 1, 2021 through February 28, 2024 at a monthly rent of $3,500 as set forth therein. (*See* Statement of Calculations at 2.) The Plaintiffs seek payment of $203,400, which reflects the $5,650 per month rent figure for the Apartment as reflected in the 26 Bowery Certified Rent Roll. However, given that the Defendant had executed the Lease for the monthly rent of $3,500, the Court adopts this figure for purposes of computing unjust enrichment. Accordingly, the Court **GRANTS** Count VIII in the amount of $126,000.

### C. Dismissal of the Affirmative Defenses is Warranted

Dismissal of the Defendant's affirmative defenses is also warranted. Generally, a defendant asserting an affirmative defense bears the burden of proof with respect to that defense. *Barton Group, Inc. v. NCR Corp.*, 796 F. Supp.2d 473, 498 (S.D.N.Y. 2011); *see Leopold v. Baccarat, Inc.*, 239 F.3d 243, 245 (2d Cir. 2001) ("It is well-established that a defendant . . . bears the burden of proving its affirmative defense."); *Nat'l Commc'ns Ass'n Inc. v. AT&T Corp.*, 238 F.3d 124, 131 (2d Cir. 2001) ("The general rule is that the party that asserts the

affirmative of an issue has the burden of proving the facts essential to its claim.") (quoting *Auburndale State Bank v. Dairy Farm Leasing Corp.*, 890 F.2d 888, 893 (7th Cir. 1989)).  Here, the Defendant has not offered any argument, facts, or evidence in support of the relevant affirmative defenses asserted.  (*See* Pretrial Order §§ IV(B), V(2), VII, X (submitting no contentions, issues to be tried, exhibits, or witnesses for the Court's consideration).)  Therefore, the Defendant has not carried her burden with respect to any of the affirmative defenses asserted and dismissal of such is warranted.

## IV.    CONCLUSION

For the reasons stated, the Court orders that a judgment of possession shall be entered providing that the Debtors shall take immediate possession of the Apartment and, additionally that judgment shall be entered in favor of Debtors and against the Defendant in the amount of $126,000 for unjust enrichment.  The Court also **DISMISSES** Defendant's affirmative defenses. All occupants at the Apartment must immediately vacate.

On or before 5:00 pm, March 6, 2024, Plaintiffs' counsel shall submit the form of the judgment consistent with this Opinion that should be entered by the Court.  If the Defendant fails to surrender possession on or before the Deadline, Plaintiffs may apply to the Court for issuance of monetary or other sanctions.

**IT IS SO ORDERED.**

Dated:    February 29, 2024
          New York, New York


_Martin Glenn_
MARTIN GLENN
Chief United States Bankruptcy Judge